UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARY J. JOHNSON**,

        Plaintiff,

   v.

**COMMISSIONER OF SOCIAL SECURITY**,

        Defendant.

Case No. 5:14 CV 942

Magistrate Judge James R. Knepp, II

MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Plaintiff Gary Johnson filed this action for judicial review of the administrative denial of disability insurance benefits ("DIB") and supplemental security income ("SSI"). On October 21, 2014, the Court issued a Stipulation and Order to Remand reversing the decision of the Commissioner and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 21). Plaintiff then filed the pending Motion for Attorney Fees seeking $6,282 in fees (Doc. 22), amended to $7,046.00 in fees after filing a Reply Brief (Doc. 24). Defendant filed a response requesting that Plaintiff's requested rate of reimbursement be reduced because it "unjustifiably exceeds the statutory cap". (Doc. 23). For the reasons discussed below, the Court grants in part and denies in part Plaintiff's motion for attorney's fees.

### DISCUSSION

The Equal Access to Justice Act ("EAJA") directs courts to award fees and expenses to parties who prevail against the United States in litigation if, among other conditions, the government's position was not "substantially justified." 5 U.S.C. § 504(a)(1). Because the Court

issued a sentence-four remand, Plaintiff is a "prevailing party" eligible for attorney's fees. *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993).

The government's position is "substantially justified" if it had "a reasonable basis in both law and in fact" or was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988). Defendant has the burden of establishing that his position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414–15 (2004). "The fact that . . . the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). To defeat a request for attorney's fees under the EAJA both the underlying agency position and the litigation position must be "substantially justified". 28 U.S.C. § 2412(d)(2)(D); *Delta Eng'g v. U.S.*, 41 F.3d 259, 262 (6th Cir. 1994).

Plaintiff argues Defendant's position was not substantially justified because the ALJ did not properly evaluate Plaintiff's condition under Listing 12.05(C); relied on partially administered IQ scores; failed to address the opinions of examining and state agency psychologists; and proposed unclear hypotheticals. (Doc. 18). Defendant has the burden of proving its position was substantially justified; it has not done so because the Defendant both stipulated to the sentence four remand of this case and failed to argue otherwise in its brief regarding the EAJA fees. (Docs. 21, 23).

Next, Plaintiff requests that a fee in excess of $125, the statutory maximum, be granted. (Doc. 22, at 4); § 504(b)(ii). The Act allows for increases if the court "determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff bears the burden of proving an increase is necessary and producing evidence in support

of that request. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Sufficient satisfactory evidence can be "prevailing rates within the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 449-50. When reviewing applications for increased fees Courts are to "carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation", *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992), especially since the Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

In support of this request, Plaintiff provided an affidavit from counsel, an itemized statement of work, a resume, Bureau of Labor Statistics Consumer Price Index ("CPI"), *The Economics of Law Practice in Ohio*- Desk Reference for 2010, *Survey of Law Firm Economics*, and affidavits of Attorneys Diane Newman, Marcia Margolius, and Bradley Davis attesting to their billing practices. (Doc. 22-1-22-14). Attorney Newman's affidavit stated she practices exclusively in Social Security in the Northern District of Ohio and believes $300 per hour to be consistent with other attorney rates in the area. (Doc. 22-4). Attorney Margolius attested she charges a 25% contingency fee in Social Security cases, on EAJA claims she requests $125 per hour for efficiency purposes, and in her opinion Plaintiff's counsel is entitled to fees over $175 per hour. (Doc. 22-5). Attorney Davis stated he requests the $125 per hour under EAJA, not because it is the prevailing market rate, but because it is simpler. (Doc. 22-6). Plaintiff has requested an hourly fee of $191.00 based on a calculation stating the cost of living, pursuant to the CPI, has risen by a factor of 1.528 since 1996, the date the EAJA maximum was set. (Doc.

22-3). Plaintiff argues this rate is consistent with suggested rates in the Ohio State Bar Association Desk Reference. (Doc. 22-8).

Defendant argues the increase to $191 per hour is excessive because the evidence provided does not establish that $191 is the prevailing rate for Social Security cases in the area. Defendant takes issue with the affidavit support provided by Plaintiff, of the three affidavits filed by other attorneys only one of them, Ms. Newman's, stated that $300 was consistent with other attorneys' fees. (Doc. 22-4). Neither Ms. Margolius' affidavit nor Mr. Davis' affidavit support a contention that $300 is the prevailing rate. (Doc. 22-5, 22-6). The Defendant argues the Court should discount these affidavits as irrelevant and award Plaintiff the statutory rate for attorney's fees under the EAJA.

The Court notes the Defendant's argument has merit; the affidavits provided were of minimal relevance and in two occasions include evidence for attorneys who did not work on this case. Additionally, the CPI information, which alone may be of little relevance, *Gay v Comm'r of Soc. Sec.,* 2013 WL 1316130 at *4 (6th Cir.) (quoting *Bryant*, 578 F.3d at 450), was not relevant to this District. Rather it is an estimation of the U.S. Cities average, and thus, is not comparable to the cost of living in the Cleveland/Akron region or even the Midwest. (Doc. 22-11). Furthermore, the CPI data upon which Plaintiff bases his calculations for an increased fee is not even included among the evidence submitted. (*See* Doc. 22-3, 22-10, 22-11).

If it was this evidence alone upon which Plaintiff relied, the Court would be inclined to deny Plaintiff's request for increased fees. However, it is important to note, as Plaintiff has, the numerous occasions on which the Commissioner has either not contested or stipulated to increased fees for Plaintiff's counsel, Mr. Roose, based on the increased cost of living. *See, e.g.,*

*Rego v. Comm'r of Soc. Sec.*, No. 3:12-cv-34 (N.D. Ohio Mar. 3, 2014) (Helmick, J.) *Elson v. Comm'r of Soc. Sec.*, No. 3:11-cv-183 (N.D. Ohio Aug. 7, 2012) (Carr, J.). (*See* Doc. 24, at 2-5).

Taking into account the evidence provided and the previous decisions of my colleagues, the Court grants Plaintiff's request for increased fees but is reducing the rate to reflect prices in the Midwest, a more relevant measure of the local economy than a nationwide price index. The Court finds Plaintiff will receive a fee of $186.71[1] per hour. Plaintiff has requested payment for 36 hours, inclusive of those requested in the Reply brief and thus, finding that to be a reasonable number of hours, the Court awards fees totaling $6,721.56.

Plaintiff also seeks an award of $50 per hour for appellant assistant fees. (Doc. 22). In support, he provided citation to cases in this district which have allowed appellant assistant fees. (Doc. 22, at 10).

Legal assistant fees may be awarded if they are reasonable. *Kling v. Sec'y of Health & Human Servs.*, 790 F.Supp. 145, 152 (N.D. Ohio 1992). However, "purely clerical or secretarial tasks should not be billed". *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). "Notwithstanding the prohibition against compensation for secretarial or overhead costs, work done by non-attorneys such as paralegals or law clerks, may be compensable under the EAJA if the work is 'sufficiently complex' or work 'traditionally performed by attorneys.'" *Snyder v. Comm'r of Soc. Sec.*, 2011 WL 66458 (S.D. Ohio).

---

1. This calculation was reached using the same basic formula Plaintiff proposed at Doc. 22-3 but with adjusted numbers, i.e. the price of services in August 2014 ($226.587) divided by the price of services in March 1996 ($151.7) the time the EAJA was enacted to get the cost of inflation. Followed by a multiplication of the statutory fees of $125 by the inflation factor (1.49) reaching a comparable price of $186.71.

Here, Plaintiff's appellate assistant prepared and filed the complaint; notified client and the agency; and reviewed and outlined the transcript. (Ex. 2, Doc. 21). This is work traditionally performed by attorneys, thus, Plaintiff should be granted fees.

Regarding the requested rate of $50/hour, on one hand, the undersigned hesitates to reduce the requested award, especially given the fact the Commissioner has not objected to the amount. However, this District has previously rejected requests for a $50 hourly rate, even where supported by the Bureau of Labor Statistics. *Killings*, 2014 WL 395234, at *7 (citing *Mohr v. Comm'r of Sec. Sec.*, 2013 WL 557176, at *5 (N.D. Ohio)). Instead, the Court is apt to award appellant assistant fees of $40 per hour. *See Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 805 (N.D. Ohio 2013) (collecting cases awarding this particular administrative assistant fees at a rate of $40/hour). Accordingly, consistent with relevant authority, the Court grants Plaintiff an award of $136 in fees for 3.4 hours of work performed by Plaintiff's appellate assistant at a rate of $40 per hour.

## CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Plaintiff's Motion for Attorney Fees, and awards $6,857.56, representing a rate of $186.71 per hour for a total of 36 hours of legal work and 3.4 hours of appellate assistant work at $40 per hour.

IT IS SO ORDERED.

        s/James R. Knepp, II
        United States Magistrate Judge